Eileen M. THOURNIR,
Plaintiff-Appellant,

v.

Mary Estill BUCHANAN, Secretary of State for the State of Colorado, and the State of Colorado, Defendants-Appellees.

No. 82-2267.

United States Court of Appeals,
Tenth Circuit.

June 28, 1983.

Richard M. Borchers, Westminster, Colo., for plaintiff-appellant.

Kristie A. Hansen, Asst. Atty. Gen., Denver, Colo., for defendants-appellees.

Before HOLLOWAY, SEYMOUR and TIMBERS,* Circuit Judges.

SEYMOUR, Circuit Judge.

Eileen Thournir appeals from the district court's refusal to grant a preliminary injunction ordering that her name be placed on the ballot as a candidate in the November 1982 general election. The district court did not address the merits of Thournir's action other than to determine that an injunction should not issue. Hence, the court's denial of the request for a preliminary injunction is an interlocutory order reviewable under 28 U.S.C. § 1292(a)(1) (1976).

Thournir was a registered member of the Socialist Workers Party in California. In 1981, she moved to Colorado, where she remained active in party politics. The Socialist Workers are not a recognized political party in Colorado, and Thournir did not register to vote until July 1982, at which time she registered as an unaffiliated voter.

Thournir decided to run for Congress in the 1982 election. Under Colorado law, persons seeking to run for elective office who do not wish to affiliate with an officially recognized political party may do so by filing a petition signed by registered voters. Colo.Rev.Stat. § 1–4–801(1)(a)–(b) (1973). Petitions of candidates for seats in the United States Congress must be filed with the secretary of state. *Id.* (h). As relevant to this case, the statute provides that

> "[n]o person shall be placed in nomination by petition unless the person is a registered elector of the political subdivision or district in which the officer is to be elected and unless he was registered as unaffiliated, as shown on the books of the

---

* Honorable William H. Timbers, Senior Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

county clerk and recorder, for at least twelve months prior to the date of filing of the petition."

*Id.* (i). Although Colorado law provides that registered electors who change their county of residence within the state may transfer and thus keep current their record affiliation, *id.* –2–219, the statute specifically states that it "[does] not apply to transfer of party affiliation from without the state," *id.* (1). No provision is made for such transfers. Thus, in order to run in Colorado as an unaffiliated candidate, a person must have resided in the state and have been a registered unaffiliated voter for at least one year prior to the date of filing a nominating petition. The one-year registration requirement is the subject of this lawsuit.

Thournir filed a petition as an unaffiliated candidate with the Colorado Secretary of State in the summer of 1982. On September 28, 1982, the Secretary brought suit in the Denver District Court under Colo. Rev.Stat. § 1–1–112 to have Thournir's name struck from the ballot, on the sole ground that Thournir had not been a registered unaffiliated voter for the requisite one-year period. The state district court ordered that Thournir's name not be placed on the ballot. *Buchanan v. Thournir,* No. 82 CV 8078 (Dist.Ct. Denver Sept. 30, 1982). The Colorado Supreme Court declined to review the decision on October 1. *Thournir v. Buchanan,* 82 S.A. 447 (Colo. October 1, 1982) (en banc).

On October 13, Thournir commenced an action under 42 U.S.C. § 1983 (1976). She sought to have Colo.Rev.Stat. § 1–4–801(i), and the defendant's actions pursuant thereto, declared unconstitutional, a question not raised in the earlier state litigation.[1] She also sought to have her name restored to the ballot and to recover damages and attorney's fees. On the same day, Thournir

moved for a temporary restraining order to place her name on the ballot for the November general election.

On October 15, the trial court heard argument on Thournir's TRO request. The court considered her request as a motion for a preliminary injunction, and examined it against the test laid out in *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980). Speaking from the bench, the court found that the issue was one likely to be repeated but capable of evading review, and that a decision denying an injunction therefore would not moot the matter. The judge found that Thournir had demonstrated irreparable harm, and that the equities were evenly balanced. However, he held that Thournir had failed to demonstrate a likelihood of prevailing on the merits. Accordingly, the court denied Thournir an injunction ordering her name placed on the ballot in the then-imminent election.

Thournir applied to this court under Rule 8 of the Federal Rules of Appellate Procedure for relief pending appeal, which was denied on October 18. A further request for a mandatory stay order was denied on October 22 by Justice Byron R. White of the United States Supreme Court. Thournir now appeals the trial court's order.

Before we may examine the trial court's action under the test stated in *Lundgrin,* we must address a more basic question regarding our jurisdiction over this appeal. Although neither party has raised the issue, it appears quite clear to us that any appeal of the injunction order is moot, for the simple reason that the 1982 election has come and gone.

The mootness doctrine has its constitutional origin in the "case or controversy" limitation of article III, section 2, which ensures that courts exercise their power only in cases where true adversary presentation allows informed judicial decision.

---

[1] Article I § 2 of the United States Constitution provides that "[n]o Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. 1, § 2. Thournir argues that the Colorado statute at issue here places an additional qualification upon who may run for Congress beyond the type of state regulation held constitutionally permissible in *Storer v. Brown,* 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

*Wiley v. National Collegiate Athletic Association,* 612 F.2d 473, 475 (10th Cir.1979) (en banc), *cert. denied,* 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798 (1980). An actual controversy " 'must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated.' " *Id.* (quoting *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973)). Because the issue of mootness goes to our jurisdiction, it is proper for us to raise and act on it sua sponte. *E.g., Hogan v. Mississippi University for Women,* 646 F.2d 1116, 1117 n. 1 (5th Cir.1981), *aff'd on other grounds,* —— U.S. ——, 102 S.Ct. 3331, 73 L.Ed.2d 1090 (1982).

 Generally, an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief. *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); *see, e.g., In re Cantwell,* 639 F.2d 1050, 1053 (3d Cir.1981); *King Resources Stockholders' Protective Committee v. Baer (In re King Resources Co.),* 651 F.2d 1326, 1332 (10th Cir.1980); *Bennett v. Gemmill (In re Combined Metals Reduction Co.),* 557 F.2d 179, 187 (9th Cir.1977). Thus, where an act sought to be enjoined has occurred, an appeal of a district court order denying an injunction is moot. *In re Cantwell,* 639 F.2d at 1054; *see Baker v. Bray,* 701 F.2d 119, 122 (10th Cir.1983); *Huseman v. Finch,* 424 F.2d 1237, 1240 (10th Cir.1970). In this case, the injunctive relief originally sought was to have Thournir's name placed on the ballot in the 1982 election. Neither we nor the trial court could now provide that relief.[2] Accordingly, Thournir's appeal of the denial of an injunction is dismissed as moot. *E.g., Backus v. Spears,* 677 F.2d 397, 398 (4th Cir.1982).

Thournir urges, without citing authority, that we should determine the constitutionality of the Colorado statute in addition to reviewing the trial court's denial of the preliminary injunction. We may do so only if our review of the merits is appropriate despite the lack of thorough consideration by the district court, and if the claim has not been mooted by the election.

Other election cases involving denial of preliminary injunction requests are instructive on these issues. *Backus v. Spears,* 677 F.2d 397, and *Dean v. Austin,* 602 F.2d 121 (6th Cir.1979), *cert. denied,* 444 U.S. 1045, 100 S.Ct. 733, 62 L.Ed.2d 731 (1980), involved district court denials of a temporary restraining order and a preliminary injunction, respectively, seeking placement of certain candidates' names on the ballot in upcoming elections. *Montano v. Lefkowitz,* 575 F.2d 378 (2d Cir.1978), involved a district court's denial of a preliminary injunction concerning nominating procedures for an upcoming election. In all three cases, the appellate courts found that the appeal of the pre-election relief sought was mooted by the occurrence of the election. *See Backus,* 677 F.2d at 398; *Dean,* 602 F.2d at 123; *Montano,* 575 F.2d at 382. The courts differed, however, in their determination whether the merits of the claim should be considered, depending on the posture of the case.

In *Backus,* the trial court had dismissed the plaintiffs' suit in addition to denying pre-election relief. Consequently, the merits were properly before the court of appeals. The Fourth Circuit found that the merits of the case were "not moot for the further reason that the issues properly presented, and their effects on independent candidacies, will persist as the [state] statutes are applied in future elections." 677 F.2d at 398 n. 3.

*Dean* was an appeal from a trial court's denial of preliminary relief where both parties had stipulated that the trial court's order was "to be treated as a final order

---

**2.** Analytically, this general rule is an expression of the familiar principle that in order to be entitled to a preliminary injunction, an applicant must demonstrate that she will suffer irreparable injury unless the injunction issues. *See Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir.1980). If the event sought to be enjoined has occurred, the applicant has already suffered the harm that she sought to forestall. At that point, an injunction cannot provide a remedy. In our case, Thournir cannot demonstrate that she will suffer harm if we do not reverse the district court's refusal to order her name placed on the ballot for the 1982 election.

'adjudicating the controlling questions of law involved in the matter.'" 602 F.2d at 122 n. 1. The Sixth Circuit refused to consider the case on the merits, finding that the specific election irregularities at issue were not likely to recur and that the case was therefore moot. *Id.* at 123–24.

In *Montano,* the Second Circuit went beyond the trial court's simple denial of a preliminary injunction to reach the merits of the case. Although the election giving rise to the action had already taken place, thus mooting the temporary injunction request, *see* 575 F.2d at 382, the court found that the entire complaint, "with its requests for declaratory and permanent injunctive class relief," was not moot because it involved issues "capable of repetition, yet evading review" and was thus reviewable under *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911). *Montano,* 575 F.2d at 382. The court found it appropriate to review the merits because

> "no material facts are contested, the lower court has considered the merits in detail, and these have also been argued here. The only result of our finding the interlocutory appeal moot would be that the complaint would be dismissed and that decision would be successfully appealed to this court. To 'save the parties from further litigation' we should therefore 'proceed to consider and decide the case upon its merits.'"

*Id.* (quoting *Mast, Foos & Co. v. Stover Manufacturing Co.,* 177 U.S. 485, 494, 20 S.Ct. 708, 712, 44 L.Ed. 856 (1900)).

We need not determine whether the constitutional claim in this case has become moot because we conclude that appellate resolution of this claim is not appropriate at this point. We have recently stated the scope of appellate review normally attendant upon a trial court's grant or denial of a motion for preliminary injunction:

> "The primary function of a preliminary injunction is to preserve the status quo pending a final determination of the parties' rights. *Penn v. San Juan Hospital, Inc.,* 528 F.2d 1181, 1185 (10th Cir.1975).

It is true, however, that in some exceptional cases appellate courts have looked beyond the issue of whether the trial court abused its discretion and have decided cases on their merits. *See Kansas ex rel. Stephan v. Adams,* 608 F.2d 861 (10th Cir.1979); *Delaware & Hudson Railway v. United Transportation Union,* 450 F.2d 603 (D.C.Cir.1971). This extraordinary review is generally limited to cases in which the trial court has ruled on the motion for preliminary injunction based on a final interpretation of law, as applied to undisputed facts. *Kansas ex rel. Stephan v. Adams,* 608 F.2d at 867 n. 5; *Delaware & Hudson Railway v. United Transportation Union,* 450 F.2d at 620."

*Otero Savings & Loan Association v. Federal Reserve Bank,* 665 F.2d 275, 277 (10th Cir.1981). The trial court in the case before us did not express any opinion on the eventual outcome of this suit, unlike the trial court in *Montano.* In fact, the court emphasized that it was considering the matter only as a motion for an injunction, and was in no way ruling on the merits:

> "And in considering that there is no clear law on either side of this issue, it appears to me that both parties ought to be given a lot more time to prepare and argue and present evidence on a matter of this weight when it comes to throwing out a state statute. While I wouldn't hesitate if I thought it were clearly unconstitutional, I don't think it is clearly unconstitutional, it may have some serious questions. And for that reason I don't want to moot this case.

> "But I'm holding and finding and concluding that the plaintiff has failed to demonstrate today, in this particular hearing, a likelihood of prevailing on the merits. This is merely a preliminary finding, it has nothing at all to do with how the ultimate matter might come out after trial.

> " . . . .

> " . . . I would suggest that if you want to follow through and have a trial on this matter, we'll try to set it as quickly as we

possibly can. We can maybe, if you go with those stipulated facts, just try it on briefs and more thorough oral argument."

Rec., vol. II, at 5–6.

This case presents an important and difficult question of constitutional law: whether Colorado imposes an unconstitutional qualification for eligibility to run for office in the United States Congress. As the trial court aptly noted, the law pertinent to the merits is anything but settled; indeed, the case presents issues of a most delicate and subtle nature. These thornier issues should not be determined without thorough preparation and deliberation by the parties and the trial court. *See University of Texas v. Camenisch,* 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). We therefore do not address the merits of Thournir's case, instead trusting that she will litigate the matter in the district court if she so chooses.

Thournir's appeal of the district court's denial of a preliminary injunction is hereby dismissed as moot.