934 F.2d 326
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
MOHAWK RUBBER COMPANY, Plaintiff-Appellant,
v.
OTASCO, INC., Ameritrust Company National Association,
Official Unsecured Creditors' Committee,
Defendants-Appellees.
 No. 89-5112.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 Plaintiff Mohawk Rubber Company, a creditor of defendant Otasco, Inc., appealed an order of the district court affirming a bankruptcy court order denying in part Mohawk's request for relief from the automatic stay. However, defendants Otasco, Inc., Ameritrust Company National Association, and the Official Unsecured Creditors' Committee (collectively defendants) filed a joint motion to dismiss based on mootness.[1] We grant defendants' motion and dismiss this appeal.
 
 
 2
 In 1988, Otasco filed a petition for relief under Chapter 11 of the Bankruptcy Code. Mohawk, which held a security interest in certain Mohawk-brand tires in Otasco's possession, requested relief from the automatic stay so that it could repossess its collateral. Mohawk's security interest was limited to the tires specified in a security agreement with Otasco and did not include proceeds from the sale of those tires.
 
 
 3
 In its order addressing Mohawk's request for relief, the bankruptcy court held that Mohawk could repossess approximately $700,000 worth of Mohawk-brand tires, which it later did. The bankruptcy court, however, refused to hold that Mohawk was also secured for the repayment of a $1,117,068 "open account" obligation owed to it by Otasco. It is the latter portion of the bankruptcy court's ruling that became the subject of this appeal. See In re Otasco, Inc., No. 88-03410-W, slip op. at 2 (Bankr.N.D.Okla. Dec. 9, 1988).
 
 
 4
 The district court affirmed the finding of the bankruptcy court, holding that a promissory note and a security and subordination agreement executed by Mohawk, Otasco and Ameritrust were part of one transaction; that the agreement only secured the debt created by the promissory note; that the agreement did not contain a future advance clause; and that Mohawk's claim for the unpaid $1,117,068 open account debt was an allowed unsecured claim. Mohawk Rubber Co. v. Otasco, Inc., No. 88-C-1611-B, slip op. at 8 (N.D.Okla. June 1, 1989).
 
 
 5
 Mohawk did not request a stay of the bankruptcy court order or the affirming order of the district court pending appeal. During the pendency of this appeal, Otasco sold the balance of the Mohawk tires in its possession claiming that this sale was pursuant to 11 U.S.C. Sec. 363(c)(1) (1978).[2]
 
 
 6
 In a later adversary proceeding instituted in the bankruptcy court by Otasco, Mohawk counterclaimed that Otasco and Ameritrust had "knowingly and wrongfully taken and sold Mohawk-brand tires (having a value of $786,271.58) in which Mohawk held a properly perfected security interest." Answer and Counterclaim of Mohawk Rubber Company at 7. This action has been stayed by the district court. Otasco, Inc. v. Mohawk Rubber Co. (In re Otasco, Inc.), No. 88-03410-W, slip op. at 1 (N.D.Okla. Oct. 23, 1989).
 
 
 7
 In its joint motion to dismiss, defendants argue that because the tires which are the subject of this dispute have been sold pursuant to a lawful order of the bankruptcy court which was not stayed or modified, and because Mohawk's security interest did not extend to the proceeds of that sale, this appeal is moot. We agree.
 
 
 8
 Mohawk advances two arguments against this result. First, it argues that defendants' motion to dismiss was untimely and outside the scope of Rule 27.2.1 of this Circuit.[3] This argument is without merit. The time limits specified in Rule 27.2.1 are advisory not mandatory. Further, defendants explained the reason for its delay in filing its motion in its reply memorandum. Mohawk further complains that Rule 27.2.1 "expressly forbids the filing of a motion to dismiss on grounds of mootness." Response to Joint Motion to Dismiss at 4. While we acknowledge that the rule separately describes jurisdictional defects as a basis for "dismissal" and mootness as a basis for "summary disposition," mootness is jurisdictional and is thus a proper basis on which to bring a motion to dismiss. See Colorado Interstate Gas Co. v. Federal Energy Regulatory Comm'n, 890 F.2d 1121, 1126 (10th Cir.1989); United Auto., Aerospace & Agricultural Implement Workers v. Telex Computer Prods., Inc., 816 F.2d 519, 521 (10th Cir.1987). In any event, whether this case is dismissed or "summarily disposed of," the result to the litigants is the same.
 
 
 9
 Mohawk's second argument is that this appeal is not moot because issues before this court are pertinent to the adversary proceeding regarding the sale of the tires now stayed in the district court. If this appeal is dismissed, Mohawk argues that the findings of the bankruptcy court will be res judicata as to the second suit. Unfortunately for Mohawk, the spectre of res judicata does not affect the question of mootness.[4]
 
 
 10
 We consider questions of mootness using a plenary standard of review. International Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 914 (3d Cir.1987). Initially we offer some general comments regarding mootness. "Mootness, like ripeness and standing, has its constitutional origin in the 'case or controversy' limitation of Article III which insures that courts exercise their power only in cases where true adversary context allows informed judicial resolution." Wiley v. National Collegiate Athletic Ass'n, 612 F.2d 473, 475 (10th Cir.1979), cert. denied, 446 U.S. 943 (1980) (citations omitted). "The actual controversy between the parties 'must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated.' " Id. (citing Roe v. Wade, 410 U.S. 113, 125 (1973)). In general, when events occur that prevent the reviewing court from granting a litigant any effective relief, an appeal should be dismissed as moot. Colorado Interstate Gas, 890 F.2d at 1126; International Bhd. of Boilermakers, 815 F.2d at 915 ("there must be 'a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts' ") (citations omitted); Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir.1983). Because the tires which were the subject of Mohawk's security interest have been sold pursuant to a lawfully entered order of the bankruptcy court, there is no longer any property in the debtor's estate in which Mohawk has a secured claim. Even if this court were to reverse the district court and find that Mohawk had a secured claim to the balance of the tires, no relief would be forthcoming to Mohawk because its security interest, by virtue of the terms of the security agreement, did not extend to the proceeds from the sale of those tires. The possibility that the tires themselves could somehow be retrieved is not suggested by Mohawk and would not, in any event, be possible given the mandate of 11 U.S.C. Sec. 363(m), which provides:
 
 
 11
 The reversal or modification on appeal of an authorization under subsection (b) or (c) [sections dealing with sale of estate property in the ordinary course of business and otherwise] of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 
 
 12
 (Emphasis added).
 
 
 13
 With regard to the specific facts of this case, we note the advice given by this court in Tompkins v. Frey (In re Bel Air Assocs., Ltd.), 706 F.2d 301, 304 (10th Cir.1983): "[A] party appealing from an order which authorizes the sale of property of a debtor should obtain a stay of the order. Otherwise the property may be sold to a 'good faith purchaser,' removing the property from the jurisdiction of the courts and rendering moot the appeal from the order authorizing the sale." (emphasis added) (construing Fed.R.Bankr.P. 805, the precursor to modern Bankr.R. 8005); see also id. at 305 n. 10; Hoese Corp. v. Vetter Corp. (In re Vetter Corp.), 724 F.2d 52, 55 (7th Cir.1983).[5]
 
 
 14
 In arguing that the threat of res judicata removes the mootness problem from this case, Mohawk cites Oklahoma City v. Sanders, 94 F.2d 323 (10th Cir.1938), for the proposition that "[w]henever a judgment, if left unreversed, will preclude a party as to a matter of fact or law vital to his controversy, the appeal will be heard despite the fact the appealed matter has become moot." Mohawk Response to Motion to Dismiss at 9. We find no support in Sanders for this proposition. In Sanders the court refused to find a controversy involving a contractor and the city of Oklahoma City moot even though the low income housing project which was the subject of the dispute had been built and accepted by the federal government before the case came before the court on appeal. The court held that, because the contractor was subject to criminal prosecution for all offenses committed during the building period, the questions raised in the suit were not moot. Sanders, 94 F.2d at 325. In Sanders, unlike the present situation, there was a vehicle by which the appellate court could grant relief to the complainant city: it could find that the contractor had violated city ordinances, thus allowing the city to extract the appropriate penalty.[6] Here, because the tires to which Mohawk claims its security interest attached are no longer within the jurisdiction of the courts, see In re Bel Air, 706 F.2d at 304, there is no res upon which this court can act to grant Mohawk effective relief.
 
 
 15
 Mohawk's citation of Supreme Court precedent is similarly unavailing. In Fishgold v. Sullivan Drydock & Repair Corp., 328 U.S. 275, 283 (1946), the Court rejected a claim of mootness on appeal directed against a union defendant by an employee who had recovered a money judgment in the trial court against the employer but not against the union. The Court rejected the employee's claim that the union had no appealable interest. It reasoned that the collective bargaining agreement was which was operative at the time of trial and at issue therein was still in existence at the time of the appeal. Because an interpretation of the contract would affect the union in the future, and because the union still had an active right at stake regarding that interpretation, the case was not moot as to the union. Id. at 282-83.[7] Mohawk can point to no similar contractual right still in existence as a result of its dealings with Otasco which will be affected by this court's judgment on appeal.
 
 
 16
 Reed v. Allen, 286 U.S. 191 (1932), the other Supreme Court case cited by Mohawk, did not deal with mootness. It recognized that a party may need to appeal an initial decision in order to prevent it from becoming res judicata in a later action. Defendants do not contest Mohawk's right to appeal the judgment of the bankruptcy court; it correctly argues, however, that Mohawk should have applied for a stay of the bankruptcy court's action in order to preserve its collateral pending the appeal. We agree with that argument and do not find Reed v. Allen to the contrary.
 
 
 17
 The joint motion to dismiss this appeal is hereby GRANTED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Tenth Circuit Rule 34.1.8 provides that there will be no oral argument on petitions or motions except as ordered by the court. The panel determined unanimously not to order oral argument on this motion. See 10th Cir.R. 34.1.8
 
 
 [2]
 Mohawk argues for the first time on appeal that the sale of these tires was not in the ordinary course of business and was in violation of the cash collateral order. Issues not raised in the courts below will not be considered for the first time by this court on appeal. Settles v. Golden Rule Ins. Co., 927 F.2d 505, 508 n. 2 (10th Cir.1991); Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989)
 
 
 [3]
 Rule 27.2.1 provides in pertinent part:
 Except as otherwise expressly provided in this rule, no motion may be filed to affirm the judgment appealed from or to dismiss the appeal. A party may file a motion to dismiss only on the ground that the appeal is not within the jurisdiction of this court; for summary disposition only because of a supervening change of law or mootness; or for remand for additional trial court or administrative proceedings. Any motion shall contain a discussion of the grounds for the motion. Motions may be filed under this rule at any time, but filing within 15 days after the notice of appeal is filed is favored. Motions filed thereafter should show why filing within the initial 15-day period was impracticable.
 
 
 [4]
 Mohawk's concern more correctly involves the narrower doctrine of collateral estoppel. Res judicata would operate to bar a second suit involving defendants and Mohawk based on the same cause of action (relief from stay) as litigated in the bankruptcy court. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979). Collateral estoppel, in contrast, involves a second suit on a different cause of action and precludes relitigation of issues actually litigated and necessary to the decision in the first action. Id. Since the second suit here is on a different cause of action, the risk to Mohawk is that collateral estoppel will prevent relitigating the issue of whether it had a perfected security interest in the tires eventually sold by Otasco
 
 
 [5]
 The order of the bankruptcy court did not authorize the sale of the tires per se. Rather, it found that Mohawk had a senior secured lien in the amount of $712,655.54 and allowed Mohawk to take possession of tires valued at that amount. In re Otasco, Inc., No. 88-03410-W, slip op. at 2 (Bankr.N.D.Okla. Dec. 9, 1988). The order of the district court, Mohawk Rubber Co. v. Otasco, Inc., No. 88-C-1611-B, slip op. at 5 (N.D.Okla. June 1, 1989), treated the bankruptcy court order as one authorizing sale and, indeed, the parties do not argue any substantive issue in this distinction
 
 
 [6]
 In a case involving a factual situation similar to that of Sanders, the Illinois Supreme Court, relying on precedent from its jurisdiction, acknowledged that the case was moot but, because of concerns that the legal issues involved may be relevant to controversies in later proceedings where the municipal defendant would be bound by precedent from the trial court opinion, the court ordered the trial court judgment set aside and reversed and remanded the case with instructions to dismiss the complaint. Bankers Life & Casualty Co. v. City of Chicago, 21 Ill.2d 172, 171 N.E.2d 577, 579 (1961). This case is not on point. The Illinois Supreme Court acknowledged that the case was moot and did not address the merits of the controversy, but rather remanded with instructions to dismiss. The case involved the appellate court's concern at leaving intact the trial court's legal conclusions, which could not be reviewed on appeal. Its holding is akin to those cases in which an otherwise moot question is nevertheless reviewed by an appellate court because of concerns that the questions presented were "capable of repetition, yet evading review." See Southern Pac. Terminal Co. v. Interstate Commerce Comm'n, 219 U.S. 498, 515 (1911); cf. Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (refusing to review an otherwise moot appeal because case was not "capable of repetition"). The "evading review" doctrine does not apply here. In non-class actions, the doctrine is limited to cases where both " '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.' " Schepp v. Fremont County, 900 F.2d 1448, 1453 (10th Cir.1990) (quoting Weinstein, 423 U.S. at 149). Here, the challenged finding of the bankruptcy court could have been fully litigated had Mohawk obtained a stay, and there is no reason to expect that Mohawk will be subject to the same action again
 
 
 [7]
 DeGarmo v. Goldman, 19 Cal.2d 755, 123 P.2d 1 (1942), is similarly distinguishable. There the court refused to dismiss an appeal on the basis of mootness because at the time the suit was commenced one of the defendants "was employed by the corporation under a contract and ... the determination of his appeal may affect the rights thereunder." Id. at 9