**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL J. PEARLMAN,

Plaintiff-Appellant,

v.

REBECCA VIGIL-GIRON, Secretary
of State, State of New Mexico,

Defendant-Appellee.

No. 02-2191
(District of New Mexico)
(D.C. No. CIV-02-686-JP)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

---

**I. BACKGROUND**

Plaintiff Daniel J. Pearlman, acting *pro se*, filed this 42 U.S.C. § 1983

action in federal district court alleging that Defendant Rebecca Vigil-Giron, New

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mexico Secretary of State, would violate his First and Fourteenth Amendment rights under the United States Constitution and his rights under the Constitution of the State of New Mexico by distributing a general election ballot on November 5, 2002 containing printed candidate names. Pearlman sought a writ of mandamus ordering Vigil-Giron to expunge all printed candidate names and provide a space for voters to write-in the name of any candidate for all elective offices on the November 5, 2002 general election ballot and all subsequent election ballots.

The district court *sua sponte* dismissed Pearlman's complaint on the grounds that the Eleventh Amendment deprived the court of federal subject matter jurisdiction. The district court reasoned that the Eleventh Amendment bars suits by citizens against states in federal district court unless: 1) the state consents to suit; 2) Congress expressly abrogates the states' sovereign immunity; or 3) the citizen sues a state official pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). The district court concluded that New Mexico did not consent to be sued by a citizen challenging the constitutionality of the New Mexico Election Code, and Congress did not abrogate the states' sovereign immunity by enacting 42 U.S.C. § 1983. The district court also concluded that while Pearlman sued a state official and sought injunctive relief, the *Ex Parte Young* doctrine did not apply because Pearlman's suit implicated New Mexico's "special sovereignty interests" in

controlling the management and conduct of elections. Finally, the district court concluded that the issuance of the writ of mandamus would constitute a form of relief against the state that is barred under the Eleventh Amendment.

Pearlman appeals the dismissal of his suit, arguing his claim is not barred under the Eleventh Amendment because it is asserted against a state official for prospective injunctive relief pursuant to the *Ex Parte Young* doctrine. After Pearlman filed this appeal, Vigil-Giron approved the contested election ballot, and the general election occurred on November 5, 2002. Vigil-Giron argues that because the general election ballots were distributed and the November 5, 2002 election occurred, this appeal is moot. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**, concluding that while this case fits the exception to mootness for conduct "capable of repetition, yet evading review," Pearlman's claim is barred under the Eleventh Amendment because it is frivolous and, therefore, does not fall within the *Ex Parte Young* doctrine.

## II. DISCUSSION

### A. Mootness

Vigil-Giron argues that this case is moot and thus fails to present an actual controversy because the challenged election ballots were issued and the general election occurred on November 5, 2002. Federal courts may adjudicate only actual controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990);

*Fischbach v. New Mexico Activities Ass'n*, 38 F.3d 1159, 1160 (10th Cir. 1994). Pursuant to Article III of the United States Constitution, the controversy must exist at all stages of appellate review. *United States v. Seminole Nation*, 321 F.3d 939, 943 (10th Cir. 2002); *Fischbach*, 38 F.3d at 1160. An action is moot, and this court lacks jurisdiction to adjudicate the matter, once such controversy ceases to exist. *Fischbach*, 38 F.3d at 1160. "An exception to the mootness doctrine, however, arises when the case is 'capable of repetition, yet evading review.'" *Seminole Nation*, 321 F.3d at 943 (citation omitted). This exception requires that: (1) the duration of the challenged conduct is "too short to be fully litigated prior to its cessation or expiration," and (2) there is "a reasonable expectation that the same complaining party [will] be subjected to the same action again." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 377 (1979) (quotation omitted); *Grant v. Meyer*, 828 F.2d 1446, 1449 (10th Cir. 1987) (en banc).

While the challenged election ballots were issued and the election occurred prior to appeal, this case fits the narrow exception to the mootness doctrine for conduct capable of repetition, yet evading review. Ballot production and certification procedures are short in duration. *See* N.M. Stat. Ann. § 1-10-4 (noting that not less than forty-nine days before the primary election and fifty-three days before the general election, the ballot shall be prepared and transmitted to the secretary of state); *see Moore v. Ogilvie*, 394 U.S. 814, 816 (1969) (finding

-4-

that while the challenged election was over, the case was not moot because the controversy was capable of repetition, yet evading review); *Storer v. Brown*, 415 U.S. 724, 737 n.8 (1974) (same). Therefore, because Pearlman appeals the production and certification of the New Mexico general election ballot, the challenged action is limited in duration and will not, unless an exception to mootness is found, remain justiciable throughout appeal.

"To constitute an exception to the mootness doctrine, it is not enough that an issue will escape review because of limited duration." *Seminole Nation*, 321 F.3d at 944. There must also be "a reasonable expectation that the same complaining party . . . [will] be subjected to the same action again" for the mootness exception to apply. *Id*. (quotation omitted); *Grant*, 828 F.2d at 1449. Pearlman challenges Vigil-Giron's production and certification of the New Mexico ballot as a voter. Further, the New Mexico statutes regarding ballot production and ballot certification continue to remain in effect. Therefore, it is likely that the same dispute will occur between Pearlman and Vigil-Giron. *Grant*, 828 F.2d at 1449 (holding that because Colorado law continues to prohibit paying signature circulators in a ballot initiative and the initiative sought by the plaintiffs had not yet been enacted, the dispute between the parties was capable of repetition).

Vigil-Giron, however, argues that under this court's decision in *Thournir v. Buchanan*, 710 F.2d 1461 (10th Cir. 1983), this case does not fit the exception to mootness for conduct capable of repetition, yet evading review. In *Thournir*, the plaintiff filed a 42 U.S.C. § 1983 action, alleging that a Colorado election law was unconstitutional. *Id.* at 1462. The plaintiff moved for a preliminary injunction to have her name placed on the election ballot. *Id.* The district court denied the plaintiff's motion for preliminary injunction and the plaintiff appealed. *Id.* This court in *Thournir* held that the plaintiff's appeal of the denial of a preliminary injunction was moot because the election had already taken place. *Id.* at 1463-65. In dismissing the plaintiff's appeal as moot, the *Thournir* court emphasized the fact that the district court had not addressed the merits of the plaintiff's claims and had only addressed plaintiff's motion for preliminary injunction. *Id.* at 1464. Further, the *Thournir* court reasoned that because the merits of the plaintiff's claims could still be addressed by the district court, it was inappropriate to address them on appeal of the denial of preliminary injunction. *Id.* at 1465. Unlike the plaintiff in *Thournir*, Pearlman is appealing the dismissal of his claim and not the denial of a motion for preliminary injunction. Accordingly, *Thournir* is easily distinguished from this case.

Therefore, while the challenged ballots were certified and distributed, and the election occurred prior to this appeal, "this court's jurisdiction is not defeated

-6-

because this appeal fits the exception to mootness for conduct capable of repetition, yet evading review." *Seminole Nation*, 321 F.3d at 944 (quotation omitted); *see Storer*, 415 U.S. at 737 n.8 ("The 'capable of repetition, yet evading review' doctrine, in the context of election cases, is appropriate when there are 'as applied' challenges as well as in the more typical case involving only facial attacks.").

## B. Eleventh Amendment

This court reviews the district court's decision to dismiss Pearlman's claims as barred under the Eleventh Amendment *de novo*. *Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002).

The Eleventh Amendment generally operates as a bar to suits brought against a state by its own citizen in federal district court. *Elephant Butte Irrigation Dist. v. Dept. of the Interior*, 160 F.3d 602, 607 (10th Cir. 1998). "[T]he rule of state sovereign immunity[, however,] is not absolute." *Robinson*, 295 F.3d at 1188. Consequently, the Eleventh Amendment bar is inapplicable if: 1) the state consents to suit; 2) Congress expressly abrogates the states' immunity; or 3) the citizen sues a state official pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1286 (10th Cir. 1999). Pearlman argues that the Eleventh Amendment does not bar his suit because he is suing Vigil-Giron pursuant to *Ex Parte Young*.

In determining whether a suit is governed by the *Ex Parte Young* doctrine, this court applies a four-part test. *Robinson*, 295 F.3d at 1191.

> First, we must determine whether this is an action against the state officials or against the State of New Mexico itself; second, whether the alleged conduct of the state officials constitutes a violation of federal law . . .; third, whether the relief Plaintiff[] seek[s] is permissible prospective relief or is it analogous to a retroactive award of damages impacting the state treasury; and finally, whether the suit rises to the level of implicating 'special sovereignty interests.'

*Elephant Butte*, 160 F.3d at 609 (citation omitted); *see Robinson*, 295 F.3d at 1191 (applying the *Elephant Butte* test to plaintiff's Fourteenth Amendment due process and equal protection challenges brought against a state official).

Pearlman brought this suit against Vigil-Giron in her official capacity as New Mexico Secretary of State, alleging that Vigil-Giron would violate his First and Fourteenth Amendment rights by failing to expunge all printed candidate names from the November 5, 2002 general election ballot. Therefore, to the extent that Pearlman alleged a violation of federal law against a state official, he satisfied the first part of the *Elephant Butte* test. *See Lewis v. New Mexico Dep't of Health*, 261 F.3d 970, 976 (10th Cir. 2001) (reasoning that "in allegedly violating federal law, the officials are stripped of their state authority and the Eleventh Amendment will not protect them from suit").

Pearlman, however, failed to assert a non-frivolous violation of federal law. "[T]o avoid dismissal based on Eleventh Amendment immunity," a plaintiff must

allege that the state official "act[ed] in violat[ion] of federal law and therefore outside any delegated authority." *Id*. While the determination of whether the plaintiff alleged a violation of federal law "affects both the initial immunity inquiry and the court's ultimate decision on the merits," the court does not consider the merits at the immunity stage. *Id*. Rather, the court applies "the limited jurisdictional standard used to assess whether a claim sufficiently confers subject matter jurisdiction, asking only whether the claim is wholly insubstantial and frivolous." *Id*. (quotation omitted). A claim is insubstantial and frivolous "if it is obviously without merit, or foreclosed by prior authoritative decisions." *Junior Chamber of Commerce, of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir. 1974) (citation omitted).

Pearlman argues his complaint alleged that Vigil-Giron violated his First and Fourteenth Amendment rights under the United States Constitution by: (1) limiting his ability to freely express his political views by writing-in any candidate, and (2) distributing a ballot with printed candidate names. While Pearlman's complaint references prior cases in which he alleged that Vigil-Giron and her predecessor's failure to permit write-in voting constituted a violation of his constitutional rights, such conduct is not alleged as the basis of Pearlman's claim in *this complaint*. The only conduct alleged in the complaint to be in violation of Pearlman's constitutional rights is Vigil-Giron's failure to expunge

all printed names from the general election ballot. The limited nature of Pearlman's allegations is reinforced by the fact that the only relief sought in the complaint is the expungement of all printed names on the general election ballot and on all future ballots. Therefore, Pearlman's complaint only contains a claim against Vigil-Giron for her failure to expunge printed candidate names from the New Mexico election ballot.

In *Burdick v. Takushi*, the Supreme Court upheld Hawaii election laws which prohibited write-in voting, reasoning that the ballot access laws were constitutional and the burden on the plaintiff's right to vote was counterbalanced by Hawaii's interest in supporting the ballot access scheme. 504 U.S. 428, 437-39 (1992). Inherent in that decision is the rejection of any constitutional right to a ballot constructed solely for write-in voting. Therefore, because there is no recognized constitutional right to a ballot free of printed candidate names, Pearlman's claim is frivolous and is barred under the Eleventh Amendment. *See Elephant Butte*, 160 F.3d at 610-11.

## III. CONCLUSION

For the foregoing reasons, the district court's dismissal of Pearlman's suit as barred under the Eleventh Amendment is **AFFIRMED**.


ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge