**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

**OCT 29 2004**

TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

MARK JORDAN,

      Petitioner - Appellant,

v.

ROBERT A. HOOD, Warden, ADX,
Florence, Colorado,

      Respondent - Appellee.

No. 03-1092
(D. Colorado)
(D.Ct. No. 03-Z-144)

**ORDER**[*]

Before **BRISCOE**, **O'BRIEN**, Circuit Judges and **HEATON**[**], District Judge.

This matter is before the Court on Appellee Robert A. Hood's Motion to

Dismiss for Mootness. We grant the motion and dismiss this appeal.

On June 3, 1999, Appellant Mark Jordan was accused of participating in a

murder which occurred at the Florence, Colorado, federal prison where he was

---

[*] This order is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Joe Heaton, United States District Judge for the Western District of Oklahoma, sitting by designation.

being housed as an inmate. On approximately June 13, 1999, he was transferred to administrative segregation (solitary confinement) pending the investigation of his role in the murder. Almost four years later, on January 3, 2003, Jordan filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a declaration that his constitutional rights have been violated and an injunction directing his release from administrative segregation or criminal charges to be filed against him. The district court denied the petition, concluding that because Jordan was challenging the conditions of his confinement rather than the execution of his sentence, his claims must be brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). This appeal followed.

After initial briefing and oral argument, Hood filed a status report in light of Jordan's indictment for murder on May 19, 2004. He subsequently filed a Motion to Dismiss for Mootness. In the motion, Hood indicated Jordan had been released from administrative segregation.

This appeal is moot based on Jordan having been released from solitary confinement and indicted. Nothing in Jordan's response to the motion to dismiss convinces us to the contrary. Jordan does not seek release from confinement or a shortened sentence, relief cognizable under 28 U.S.C. § 2241. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). What he

does seek, even if cognizable under § 2241, has been granted. *See Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983) ("Generally, an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief.").[1]

Based on the above, we **DISMISS**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[1] Similarly, Jordan's request for declaratory relief is also unavailable. Because this case does not involve a continuing violation or practice, a declaratory judgment would serve no purpose in this case. *See So. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 730 (10th Cir. 1997) ("For the same reasons that injunctive relief is not available, a declaratory judgment also is not available. A declaratory judgment would serve no purpose in this case.").