
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMES GRINOLS; et al., | No. 13-16359 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-02997-MCE-DAD |
| v. | |
| ELECTORAL COLLEGE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Submitted October 20, 2015[**]
San Francisco, California

Before: D.W. NELSON, CLIFTON, and N.R. SMITH, Circuit Judges.

Plaintiffs appeal the district court's order dismissing their claim that

President Obama is not eligible to be the President of the United States and their

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim for violation of California Penal Code § 2150.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

1.      We affirm the district court's holding that Plaintiffs' claim regarding President Obama's eligibility is moot.[1]  "Mootness, a question of law, is reviewed de novo." *Tinoqui-Chalola Council of Kitanemuk & Yowlumne Tejon Indians v. U.S. Dep't of Energy*, 232 F.3d 1300, 1303 (9th Cir. 2000).  Factual determinations underlying the district court's decision are reviewed for clear error.  *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010).

"The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  "There is thus no case or controversy, and a suit becomes moot, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (quoting *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)).  A controversy does not escape mootness simply because it existed at the time Plaintiffs originally filed their claim.  The controversy must continue to exist at all stages of review. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

---

[1]While the district court based its decision on several alternative holdings, we reach only the issue of mootness.

An exception to the general principle of mootness exists for cases "capable of repetition, yet evading review." *See S. Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515 (1911). This exception is limited to "'extraordinary cases'" in which "(1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1992) (quoting *Alaska Fish & Wildlife Fed'n v. Dunkle*, 829 F.2d 933, 939 (9th Cir. 1987)).

Plaintiffs' case is moot. The issues presented are no longer live. Plaintiffs initially sought to enjoin a series of events occurring prior to President Obama's inauguration on January 20, 2012. That request was denied by the district court and Plaintiffs have not further pursued an injunction. Plaintiffs now seek declaratory relief, but the declaratory judgment they seek would amount to nothing more than an advisory opinion and would have no effect on the legal relationships of the parties. Thus, we are prohibited from issuing such relief. *See Chafin*, 133 S. Ct. at 1023.

The claim fails to meet the requirements of the exception for cases capable of repetition, yet evading review. President Obama is currently serving his second term as President of the United States, and is therefore constitutionally precluded

3

from serving as President again. *See* U.S. CONST. amend. XXII, § 1. Plaintiffs argue that President Obama could run for another political office. However, the natural-born-citizen clause of the Constitution applies only to eligibility for the office of President of the United States. U.S. Const. art. II, §1, cl. 5. Therefore, it would be inapplicable to any other office President Obama may seek. Moreover, such a scenario is too remote and speculative to meet the requirements of the capable of repetition, yet evading review exception. *Williams v. Alioto*, 549 F.2d 136, 142 (9th Cir. 1977).

2.     We also affirm the district court's decision to decline to exercise supplemental jurisdiction over Plaintiffs' state-law claim for violation of California Penal Code § 2150. Because the district court dismissed all claims over which it had original jurisdiction, it did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state-law claim under 28 U.S.C. § 1367(c)(3). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988).

**AFFIRMED**.[2]

---

[2]Plaintiffs-Appellants' Motion for Judicial Notice/Supplement Record on Appeal is denied.