**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

ALERUS FINANCIAL, N.A.,

     Third-Party Plaintiff and Counterclaim
Plaintiff - Appellant,

v.

MATTHEW BREWER; ROBERT JENSEN;
SUSAN DUKES; PIONEER CENTRES
HOLDING COMPANY; RICHARD L.
EASON,

     Third-Party Defendants Counterclaim
Defendants - Appellees.

No. 15-1245
(D.C. No. 1:12-CV-02547-RM-MEH)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

     Alerus Financial, N.A. (Alerus) filed this cross appeal in response to The

Pioneer Centres Holding Company Employee Stock Ownership Plan and Trust's (the

"Plan") appeal of the district court's order granting summary judgment in favor of

Alerus on the Plan's claim for breach of fiduciary duty under 29 U.S.C. § 1109 of the

Employee Retirement Income Security Act of 1974 (ERISA). Alerus argues here that

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court erred in holding that ERISA does not permit Alerus to seek contribution from cofiduciaries. We dismiss this appeal as moot.

## I.  BACKGROUND[1]

Pioneer Centres Holding Company (Pioneer) owned and operated several automobile dealerships in Colorado and California. Pioneer's founder, Matthew Brewer, owned most of Pioneer's stock. In 2009, Mr. Brewer agreed to transfer 100 percent ownership of Pioneer to the Plan (the "Transaction"). In order to avoid any conflict of interest issues, the Plan hired Alerus as an independent "transactional trustee," to determine whether, and on what terms, the Plan should purchase Mr. Brewer's shares. But the Transaction could not be completed without the approval of the manufacturers whose cars Pioneer sold, including Land Rover. The Transaction was never completed and Pioneer later sold its assets to a third party.

The Plan sued Alerus for breach of fiduciary duty under 29 U.S.C. § 1109 (ERISA § 409). It claimed damages for the value the Plan lost because the Transaction did not close. Alerus moved for summary judgment on the grounds that it did not breach any fiduciary duties to the Plan, and that even if there had been a breach, the Plan could not prove Alerus caused any losses because the Plan could not show Land Rover would have approved the Transaction.

In addition, Alerus filed a third-party complaint seeking common law contribution and indemnification from Plan trustees Matthew Brewer, Robert Jensen,

---

[1] The relevant facts are set forth in detail in *Pioneer Centres Holding Co. Emp. Stock Ownership Plan & Tr. v. Alerus Fin., N.A.*, No. 15-1227 (10th Cir. June 5, 2017).

and Susan Dukes, Plan committee member Richard Eason, and Plan administrator Pioneer (collectively, the "Third-Party Defendants"). Alerus contends the Third-Party Defendants committed a breach under 29 U.S.C. § 1105 and therefore should contribute their culpable share to any Plan losses, because they knew of any actions of Alerus that might be found to constitute a breach and did not make efforts to remedy them. The Third-Party Defendants filed a 12(b)(6) motion to dismiss Alerus's claims. They first argued they were not "fiduciaries" so far as the Transaction was concerned. Second, they argued ERISA does not allow for common law contribution.

The district court granted the motion after finding there is no right to contribution under ERISA, even assuming for purposes of argument that the Third-Party Defendants were "cofiduciaries" as Alerus claimed. The district court then granted summary judgment in favor of Alerus on the breach of fiduciary duty claim. Without deciding whether Alerus had breached any fiduciary duties to the Plan, the district court held the Plan had not established a loss caused by any alleged breach. The court reasoned that the Plan had failed to present sufficient "evidence that the proposed transaction would have been consummated," because it was only speculative that Land Rover's "approval would have occurred."

The Plan appealed from the district court's order granting summary judgment in favor of Alerus in case 15-1227. Alerus then filed this separate cross-appeal challenging the district court's ruling that contribution from cofiduciaries is unavailable under ERISA and arguing that the Third-Party Defendants are fiduciaries with respect to this Transaction. We have jurisdiction under 28 U.S.C. § 1291.

3

## II. DISCUSSION

In a separate opinion, we have affirmed the district court's order granting summary judgment to Alerus on the breach of fiduciary duty claim.[2] In light of this affirmance, a decision on whether contribution among cofiduciaries is available under ERISA, or whether the Third-Party Defendants are in fact fiduciaries for purposes of this Transaction, can have no practical effect on the parties. Indeed, all parties agreed that if we affirmed the district court's grant of summary judgment in case 15-1227, this appeal is moot. *See Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983) ("Generally, an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief.").

Our separate decision in case 15-1227, affirming the district court's order granting summary judgment to Alerus has made it impossible for a decision on the issues raised by this appeal to grant any effective relief. Accordingly, we DISMISS the appeal as moot.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge

---

[2] *See Pioneer*, No. 15-1227.