**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

---

JOHN ANTHONY CASTRO,

    Plaintiff - Appellant,

v.

SECRETARY OF STATE MAGGIE
TOULOUSE OLIVER; DONALD JOHN
TRUMP,

    Defendants - Appellees.

No. 24-2007
(D.C. No. 1:23-CV-00766-MLG-GJF)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.

---

Plaintiff John Anthony Castro filed suit in September 2023 in the United

States District Court for the District of New Mexico to exclude former President

Donald John Trump from the 2024 New Mexico Republican presidential primary and

general-election ballots. The sole relief he pursued in district court was an injunction

against the New Mexico Secretary of State and former President Trump to preclude

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the former President's appearance on the ballots. He alleged that the former President was "ineligible" for the presidency under Section 3 of the Fourteenth Amendment to the United States Constitution because he "engaged in" and "provided aid or comfort to an insurrection."[1] Aplt. App. at 18–19 (internal quotation marks omitted). Mr. Castro asserted that he had standing to challenge former President Trump's eligibility as a "political competitor" of the former President, *see, e.g.*, *Gottlieb v. Fed. Election Comm'n*, 143 F.3d 618, 621 (D.C. Cir. 1998), because he was "an FEC-registered 2024 Republican Presidential candidate and [was] . . . directly competing against Trump for the Republican nomination for the Presidency of the United States." Aplt. App. at 22.

The district court dismissed the complaint for lack of subject-matter jurisdiction on the ground that Mr. Castro had not established standing. The court explained that Mr. Castro's "claims of political support in New Mexico [were] too speculative and conjectural," so he was "not in true competition with President

---

[1] Section 3 provides:

No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend. XIV, § 3.

Trump for votes or financial contributions." Supp. App. at 14. Mr. Castro appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the dismissal of Mr. Castro's suit for lack of jurisdiction, but on the alternative ground that this case is now moot.

During the pendency of this appeal, what Mr. Castro wished to enjoin has happened. Former President Trump appeared on the New Mexico Republican primary ballot and won that election. He then appeared on the New Mexico general-election ballot as the Republican candidate for President and, although he did not win New Mexico's electoral votes, was elected President. "[W]here an act sought to be enjoined has occurred, an appeal of a district court order denying an injunction is moot." *Thournir v. Buchanan*, 710 F.2d 1461, 1463 (10th Cir. 1983); *see Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1165 (10th Cir. 2023) ("In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world." (brackets, ellipses, and internal quotation marks omitted)).

Ordinarily, a court must dismiss a moot case for lack of jurisdiction. But not always. We will not dismiss such a case if the alleged injury is "capable of repetition, yet evading review." *Rio Grande Found.*, 57 F.4th at 1166 (internal quotation marks omitted). This mootness exception "applies where (1) the challenged action ended too quickly to be fully litigated and (2) a reasonable expectation exists for the plaintiff to again experience the same injury." *Id.* (brackets and internal quotation marks omitted). The capable-of-repetition-yet-evading-review exception features regularly

in election disputes because "the short time frame of an election cycle is usually insufficient for litigation in federal court." *Id.*; *see, e.g.*, *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 735–36 (2008) (although congressional election had already occurred, losing candidate's challenge to campaign-contribution requirements was capable of repetition because he made a public statement expressing his intent to self-finance another congressional bid).

That exception to mootness does not apply here. Mr. Castro's challenge cannot satisfy the second requirement. His claim concerns the presidential candidacy of President Trump and no one else. Mr. Castro's alleged injury is losing "votes and contributions" to that one candidate only. Aplt. App. at 44. The Twenty-second Amendment, however, mandates that President Trump cannot be elected to another term after the current one.[2] Hence, the possible injury to Mr. Castro of a future presidential candidacy of President Trump is, at best, highly speculative. *See Grinols*

---

[2] Section 1 of the Twenty-second Amendment provides:

> *No person shall be elected to the office of the President more than twice*, and no person who has held the office of President, or acted as President, for more than two years of a term to which some other person was elected President shall be elected to the office of the President more than once. But this Article shall not apply to any person holding the office of President when this Article was proposed by the Congress, and shall not prevent any person who may be holding the office of President, or acting as President, during the term within which this Article becomes operative from holding the office of President or acting as President during the remainder of such term.

U.S. Const. amend. XXII (emphasis added).

*v. Electoral Coll.*, 622 F. App'x 624, 625–26 (9th Cir. 2015) (challenge to President Obama's eligibility under the natural-born-citizen clause was moot and the repetition of the alleged wrong was rendered "too remote and speculative" by the Twenty-second Amendment since he was serving his second term). This case must therefore be dismissed as moot.

We **AFFIRM** the district court's dismissal of Mr. Castro's complaint for lack of subject-matter jurisdiction and **DENY** Mr. Castro's motion for expedited review as moot and **DENY** President Trump's motion for summary disposition as moot.

Entered for the Court


Harris L Hartz
Circuit Judge