701 F.2d 119
 Donald BAKER, et al., Plaintiffs,
v.
Harold E. BRAY, et al., Defendants and Third-Party
Plaintiffs-Appellants,
v.
Plan JEFFCO, et al., Third Party Defendants-Appellees,
v.
Margot ZALLEN, et al., Third Party Defendants and Second Set
of Third-Party Plaintiffs-Appellees,
v.
JEFFERSON COUNTY COMPTROLLER, Additional Third Party
Defendant-Appellant,
and
Coalition of Cities, et al., Second Set of Third Party Defendants,
Colorado Attorney General, Amicus Curiae.
 Nos. 80-2237, 81-1371.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 28, 1983.
 
 Richard J. Spelts, Denver, Colo. (Richard Lee Polk of Vanatta & Spelts, P.C. and Michael P. Bahr of Halaby & Bahr, Denver, Colo., with him on the brief), for Board/Sheriff/Comptroller.
 Jerome S. Malman of Malman & Malman, Denver, Colo., for third party defendants-appellees.
 Before McWILLIAMS and BARRETT, Circuit Judges, and BOHANON, District Judge.*
 McWILLIAMS, Circuit Judge.
 
 
 1
 These two appeals were consolidated in this Court for briefing and argument. In our view, No. 81-1371 is unappealable because the procedural requirements set forth in Fed.R.Civ.P. 54(b) were not met and, in the alternative, because the order appealed from is not a final judgment. And No. 80-2237 is unappealable because the issue raised therein is now moot. Accordingly, we dispose of both appeals without addressing the merits.
 
 I. No. 81-1371
 
 2
 On February 21, 1980, Donald Baker and others, all inmates in the Jefferson County Jail located in Golden, Colorado, brought a class action against Harold Bray, Sheriff of Jefferson County, and the Board of County Commissioners for Jefferson County, claiming that the conditions of their confinement were unconstitutional. In separate claims, they sought, respectively, monetary damages and injunctive relief. The former claim is, to the best of our knowledge, still pending, but the latter was settled by the parties.
 
 
 3
 The parties' agreement regarding the claim for injunctive relief was codified in a consent order and judgment entered by the district court, which, in relevant part, directed Bray and the Board to seek funds for a new jail.[1] In this regard, the consent order stated:
 
 
 4
 A. Defendants shall submit to the voters of Jefferson County at the general election in 1980 a proposal to finance the acquisition of a new Jefferson County Detention Facility by the use of approximately 1/2 of the existing 1/2 of 1% Jefferson County sales tax.
 
 
 5
 B. Defendants shall include within the calendar year 1981 or 1982 budget and later budgets of Jefferson County, as circumstances may require, an additional 3 mill property tax levy over and above that legally permitted by State Statute absent specific excess approval of the Division of Local Government, Department of Local Affairs, State of Colorado. The imposition of said 3 mill property tax levy is expressly contingent upon the following:
 
 
 6
 1) Defeat of the sales tax election described in paragraph A. above.
 
 
 7
 2) Special excess approval by the Division of Local Government, Department of Local Affairs, State of Colorado, as required by State Statute.
 
 
 8
 Such annual 3 mill excess property tax levy may be reduced should it be determined that the facility can be adequately acquired with an excess mill levy of less than 3 mills per year.
 
 
 9
 C. Should financing alternatives described in paragraphs A. and B. above fail, defendants shall submit to the voters of Jefferson County, not later than the November 1982 general election, a proposal to issue general obligation bonds of the County to finance the acquisition of the new Jefferson County Detention Facility.
 
 
 10
 As ordered, the Board in 1980 submitted the proposal outlined in paragraph A above to the electorate.
 
 
 11
 In conjunction therewith, the Board also engaged in a general effort to secure passage of the proposal. Among other things, the Board placed ads in local newspapers urging voters to approve the proposal. The Board claimed authority for its propaganda efforts under Colo.Rev.Stat. Sec. 1-45-116, which empowers local governments to use public funds to "influence" issue elections of "official concern."
 
 
 12
 The Board's political activities were immediately challenged by a citizens group known as Plan Jeffco, which claimed that Colo.Rev.Stat. Sec. 1-45-116 does not authorize "one-sided" political advocacy by local governments and that the Board's "biased" efforts to influence voters were therefore unlawful. Plan Jeffco threatened to bring suit against the Board if the allegedly unlawful propaganda was not halted.
 
 
 13
 To forestall interference by Plan Jeffco, the Board sought leave from the district court hearing the class action to file a third-party complaint against the officers of Plan Jeffco (third-party defendants),[2] wherein it requested that the third-party defendants be enjoined from filing an independent action against the Board or otherwise interfering with the Board's efforts to procure approval of the proposal. The district court granted this request.
 
 
 14
 The third-party defendants, in turn, filed a counterclaim against the Board. In their counterclaim, the third-party defendants requested that the Board be enjoined from using allegedly deceptive ads and that the Board be required to present the "pros and cons" of the proposal in a "fair and neutral" manner in its advertisements.
 
 
 15
 Some time later, after the 1980 general election,[3] the third-party defendants sought leave to amend their previous pleadings and to file a third-party complaint of their own. A hearing on the motion was ordered. At the commencement of that hearing, the district court stated that it had, sua sponte, reexamined the third-party pleadings and that it was inclined to dismiss the Board's third-party complaint.[4] Then, after hearing the parties' arguments on the matter, the district court held that the Board's third-party complaint was not within the purview of Fed.R.Civ.P. 14.[5] In addition, the district court found that the issues raised in the third-party pleadings would "prejudice, delay and complicate the principal issues between the plaintiffs [the inmates at the present Jefferson County Jail] and the defendants in this case." In accordance with these determinations, the district court dismissed without prejudice all of the third-party claims. The dismissal order is the subject of this appeal.
 
 
 16
 Because the plaintiffs' claim for monetary damages is still pending, the appealability of the order depends upon compliance with Fed.R.Civ.P. 54(b), that is, upon an express determination by the district court that there is no just reason for delay and an entry of judgment. See, e.g., Coulter v. Sears, Roebuck & Co., 411 F.2d 1189 (5th Cir.1969). The record before us does not indicate compliance with these prerequisites. Accordingly, this appeal must be dismissed.
 
 
 17
 Moreover, even if the district court did satisfy the prerequisites set forth in Fed.R.Civ.P. 54(b), the order is nonetheless unappealable. Rule 54(b) " 'does not relax the finality required of each decision, as an individual claim, to render it appealable.' " West v. Capitol Federal Savings & Loan Ass'n, 558 F.2d 977, 980 (10th Cir.1977) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1950)). And where, as here, the order of the district court does not address the merits, see, e.g., Bragg v. Reed, 592 F.2d 1136 (10th Cir.1979); or sound the "death knell" of litigation in the federal courts, see, e.g., Korgich v. Regents of the New Mexico School of Mines, 582 F.2d 549 (10th Cir.1979), there is no finality.[6] Thus, the dismissal order is also unappealable for lack of finality.
 
 II. No. 80-2237
 
 18
 Prior to the dismissal of the third-party claims, the district court entertained a motion for a preliminary injunction made by the third-party defendants.[7] At that time, the district court found that under Colo.Rev.Stat. Sec. 1-45-116 the Board could take a position on the proposal, but that in advocating passage of the proposal the Board was nonetheless required to give a "fair and balanced presentation of the underlying facts." Furthermore, the district court held that three of the ads then being used by the Board did not comply with this standard. Accordingly, the district court entered an order directing the Board to comply with the "fair and balanced presentation" standard and preliminarily enjoining further use of the three allegedly unlawful ads. This second order is the subject of this appeal.
 
 
 19
 Little need be said on this matter. Neither Bray nor the Board sought a stay of the order, choosing instead to comply. Moreover, the preliminary injunction by its own terms applied to the 1980 election only. Given these circumstances, this appeal would appear to be moot. In any event, the claim upon which the request for a preliminary injunction was based--the third-party defendants' counterclaim--was dismissed by the district court, and this action certainly mooted the issue raised herein. See Lyons v. Johnson, 415 F.2d 540 (9th Cir.1969), cert. denied, 397 U.S. 1027, 90 S.Ct. 1273, 25 L.Ed.2d 538 (1970); Ruby v. Pan American Airways, Inc., 360 F.2d 691 (2d Cir.1966).[8]
 
 
 20
 We realize that by our disposition of this appeal we are not resolving the primary issue which counsel asked this Court to resolve, namely, is the "fair and balanced presentation" standard imposed by the district court contrary to the explicit language of Colo.Rev.Stat. Sec. 1-45-116? In view of the present posture of the appeal, however, any comment by us on that issue would be strictly advisory in nature. Accordingly, we decline to comment.
 
 III. Disposition
 
 21
 No. 81-1371 is dismissed.
 
 
 22
 No. 80-2237 now being moot, the preliminary injunction entered by the district court is hereby vacated. As authority for thus disposing of No. 80-2237, see Great Western Sugar Co. v. Nelson, 442 U.S. 92, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979); Preiser v. Newkirk, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); United States v. Munsingwear, Inc., 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); and Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936).[9]
 
 
 
 *
 Honorable Luther L. Bohanon, United States District Judge for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 The consent order also provided for improved conditions at the present Jefferson County Jail
 
 
 [2]
 Plan Jeffco was itself joined as a third-party defendant. However, the district court dismissed the third-party claims against Plan Jeffco on the ground that it had no jurisdiction
 
 
 [3]
 The proposal was defeated in 1980, and a similar proposal was not on the 1982 ballot
 
 
 [4]
 At this point, the third-party defendants withdrew their motion to amend
 
 
 [5]
 In its third-party complaint, the Board did not assert a claim, as such, that the third-party defendants would be liable over if the Board were found liable to the plaintiffs for money damages, although reference to such was made in paragraph 13 of the third-party complaint. However, the Board did make such a claim at the hearing
 
 
 [6]
 Whether or not a dismissal without prejudice is a final, appealable order depends, of course, on the particular circumstances of the case. Coffey v. Whirlpool Corp., 591 F.2d 618, 620 (10th Cir.1979)
 
 
 [7]
 The third-party defendants actually moved for a temporary restraining order. The parties, however, agreed to treat the motion as one for a preliminary injunction so as to permit an immediate appeal from the district court's decision
 
 
 [8]
 In their brief, Bray and the Board suggested in passing that the mootness rule is inapplicable here because the problem raised in this appeal is apt to recur. The mere possibility that a problem might repeat, however, does not justify an exception to the general rule of mootness. Rather, the problem must be one that is "capable of repetition, yet evading review." Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969) (quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911)). The present case does not, in our view, meet the "evading review" test
 
 
 [9]
 In the Duke Power case, the Supreme Court stated: "Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936). It is on this basis that we vacate the preliminary injunction. We need not direct dismissal, however, because the third-party defendants' counterclaim, which formed the basis for the request for a preliminary injunction, has already been dismissed by the district court