930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re Freeman Dale CRABTREE, Linda A. Crabtree, Catherine
Dianne Crabtree Trust, David Lynn Crabtree Trust,
the Orchard Company, Debtors.
Freeman Dale CRABTREE, Linda A. Crabtree, Catherine Dianne
Crabtree Trust, David Lynn Crabtree Trust, the
Orchard Company, Appellants,
v.
Bobbie G. BAYLESS, Trustee, Myers D. Campbell, Patricia M.
Campbell, Jerry Tubb, Theta Juan Bernhardt, Appellees.
 No. 90-6248.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellants appeal from an order of the district court denying their motion for leave to appeal an interlocutory bankruptcy order. The bankruptcy court's order denied appellants' motion to appoint special counsel to prosecute Oklahoma Supreme Court appeals involving property of the bankruptcy estates or, in the alternative, to abandon property of the estates.
 
 
 3
 During the pendency of this appeal, the appellee trustee filed a motion in the bankruptcy court for authority to compromise and settle certain controversies, including the Oklahoma Supreme Court appeals. The settlement agreement provided for dismissal of the appeals. After holding an evidentiary hearing, the bankruptcy court approved the settlement agreement.
 
 
 4
 Appellees argue that the bankruptcy court's approval of the settlement agreement renders this appeal moot. We agree. Because there is no longer any actual controversy between the parties, see Wiley v. National Collegiate Athletic Ass'n, 612 F.2d 473, 475 (10th Cir.1979), cert. denied, 446 U.S. 943 (1980), we are prevented from granting any effective relief, see Thournir v. Buchanan, 710 F.2d 1461, 1463 (10th Cir.1983).
 
 
 5
 The appeal is DISMISSED as moot. The district court's order in Misc. No. 4 is VACATED as moot. The action is REMANDED to the district court to dismiss Misc. No. 4 as moot and to remand to the bankruptcy court with directions to dismiss its orders as moot. See Great W. Sugar Co. v. Nelson, 442 U.S. 92 (1979); United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950); Baker v. Bray, 701 F.2d 119, 122 (10th Cir.1983).
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3