FILED
United States Court of Appeals
Tenth Circuit

October 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ALISON MAYNARD and
GERALD LEWIS,

        Plaintiffs-Appellants,

v.

THE COLORADO SUPREME COURT
OFFICE OF ATTORNEY
REGULATION COUNSEL; APRIL
McMURREY; JOHN GLEASON;
JAMES COYLE; COLORADO
SUPREME COURT; MARY
MULLARKEY; GREGORY J. HOBBS,
JR.; NANCY RICE; MICHAEL
BENDER; NATHAN BEN COATS;
ALEX MARTINEZ; ALLISON EID,

        Defendants-Appellees,

and

WILLIAM LUCERO; DAVID R. LASS;
KAREN ROMERO; THOMAS W.
OSSOLA; GILBERT ROMAN; JERRY
JONES; GALE MILLER; VICTOR
BOOG; ROBERT SWENSON; BRUCE
E. ANDERSON; JUDITH ANDERSON;
GLENN PORZAK; DON KNOX;
NELSON LANE; CIRCUIT MEDIA,
LLC; REBECCA C. ALEXANDER;
GARY MAGNESS; MICHAEL C.
SCHAEFER; MICHAEL A.
MARTINEZ,

        Consolidated
        Defendants-Appellees.

No. 11-1207
(D.C. Nos. 1:09-CV-02052-JLK-MEH,
1:10-CV-01850-JLK-MEH,
1:11-CV-00901-JLK)
(D. Colo.)

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

This appeal arises from a District of Colorado proceeding encompassing three consolidated cases:  lead case No. 09-CV-2052 (Case #1), brought by Alison Maynard and Gerald Lewis; No. 10-CV-1850 (Case #2), also brought by Maynard and Lewis; and No. 11-CV-901 (Case #3), brought by Maynard alone.  All three cases involve issues related to Maynard's disciplinary suspension from the practice of law in Colorado, as well as issues surrounding other state-court litigation in which Maynard represented Lewis and others.  Plaintiffs appeal from two orders entered in the three consolidated cases:  the September 2009 denial of preliminary injunctive relief in Case #1 and the April 2011 dismissal in Case #3.  Plaintiffs also request a writ of mandamus and/or prohibition, asking this court to remove Senior District Judge John L. Kane from the district court proceedings and to nullify all of his rulings.  We conclude that the challenges to the denial of preliminary injunctive relief are moot and that, through inadequate briefing, Maynard has waived

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

any challenge to the dismissal of Case #3. We decline to consider the request for extraordinary relief.

*Background*

Maynard and Lewis filed Case #1 in August 2009, seeking declaratory and injunctive relief with regard to attorney disciplinary proceedings against Maynard. Along with the complaint, plaintiffs filed a motion for a preliminary injunction. After holding a hearing, the district court denied a preliminary injunction by order dated September 8, 2009. The district judge later recused himself, and the case went through several reassignments due to additional recusals.

In August 2010, Maynard and Lewis filed Case #2, which contained similar claims to Case #1 but requested money damages as well as injunctive relief. After several months of proceedings, the district judge assigned to Case #2 recused herself. After more reassignments, in March 2011, Chief District Judge Wiley Y. Daniel assigned both cases to Judge Kane.

On March 29, 2011, Judge Kane issued an order (1) consolidating Case #1 and Case #2; (2) striking the complaints without prejudice in both cases because they facially violated Fed. R. Civ. P. 8(a)(1) and (a)(2); and (3) referring the cases to a magistrate judge for proceedings to clarify the background and issues. Judge Kane ordered the parties to attend a status conference with the magistrate judge to discuss plaintiffs' claims. He further directed the magistrate judge to issue a report and recommendation as to whether plaintiffs were in a position to file an amended

consolidated complaint.  And he stated that he would not entertain a motion to file an amended complaint until the conditions set forth in the order were satisfied.

A week after Judge Kane's March 29 order, Maynard filed Case #3.  In addition to the complaint, she filed a "New and Renewed Application for Temporary Restraining Order and Preliminary Injunction," seeking to renew the motion for a preliminary injunction that was denied in Case #1 in September 2009 and moving for preliminary injunctive relief in Case #3.  Maynard also moved to consolidate Case #3 with the consolidated Cases #1 and #2.

The next day, April 7, 2011, Judge Kane granted the motion to consolidate. But he struck the complaint and dismissed Case #3 with prejudice because it was "yet another attempt to rehash matters that have either already been decided or are already before the Court in Civil Action 09-cv-2052-JLK."  R. Vol. 1 at 2025.  He declared that the action was subject to striking under Fed. R. Civ. P. 12(f) because it "contains only redundant, immaterial, and impertinent matters," and that it was also subject to striking "to the extent it constitutes an attempt to circumvent [the] March 29, 2011 Order striking Plaintiffs' complaints in 09-cv-2052-JLK and 10-cv-1850-JLK and requiring them to participate meaningfully in a status conference . . . before continuing to pursue their claims in 09-cv-2052-JLK."  *Id.*  The order did not decide the motion for injunctive relief.

On May 6, 2011, Maynard and Lewis commenced this appeal by filing a "Petition for Extraordinary Writs, and Notice of Appeal."  Thereafter, the magistrate

- 4 -

judge issued a comprehensive report and recommendation in which he recommended that the district court deny leave to file an amended consolidated complaint. In July 2012, Judge Kane adopted the report and recommendation and dismissed the case with prejudice, concluding that "no purpose would be served by allowing Plaintiffs to file what would be an ineffective Consolidated Amended Complaint that failed to state any viable, actionable claims against the Defendants." Supp. R. Vol. 1 at 77. The district court entered final judgment in favor of the defendants on August 3, 2012.

Because this appeal was filed and briefed while Cases #1 and #2 were still pending in the district court, many of the parties' arguments concern this court's jurisdiction to hear an interlocutory appeal. The entry of final judgment has mooted the issue of interlocutory jurisdiction. But neither Maynard nor Lewis have filed a notice of appeal from the final judgment, and the time for taking an appeal has expired. Having failed to file a timely notice of appeal of the final judgment, plaintiffs cannot challenge such judgment. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846-47 (10th Cir. 1992). Accordingly, this appeal concerns only the orders challenged by plaintiffs that existed at the time plaintiffs filed their notice of appeal. *See id.* at 846.

*Discussion*

**A. Injunctive Relief in Cases #1 and #3.**

Plaintiffs appeal the district court's September 2009 denial of the motion for a preliminary injunction in Case #1. They also attack the district court's failure to decide the "New and Renewed Application for Temporary Restraining Order and Preliminary Injunction." The district court's dismissal of the entire action, however, moots plaintiffs' challenge to the denial of preliminary injunctive relief. *See Shaffer v. Carter*, 252 U.S. 37, 44 (1920) (stating, "the denial of the interlocutory application [for injunctive relief] was merged in the final decree" and dismissing appeal of such denial); *Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) (stating that the dismissal of the claim underlying the request for a preliminary injunction "certainly mooted" the appeal of the preliminary injunction). Accordingly, the portions of the appeal challenging the district court's handling of plaintiffs' requests for preliminary injunctive relief are dismissed as moot.

**B. Dismissal Order in Case #3.**

Maynard also purports to appeal the district court's dismissal of her complaint in Case #3. The background section of plaintiffs' opening brief lays out certain facts comparing Cases #1 and #2 with #3. But the summary of the argument merely states, "I am entitled to immediate reinstatement of case 11 CV 901[,]" Aplt. Br. at 17, and the argument section ignores the issue. In the conclusion, the brief states:

> I have not briefed the issue of the wrongful dismissal of 11 CV 901, because what else is there to say about it? Judge Kane obviously did

> not even read my complaint. He had no authority to act as the defendants' advocate and dismiss the case before it was even served on them, saying it was "the same case" as 09 CV 2052, which involves not a single one of the same defendants. He must be reversed and this case reinstated forthwith.

*Id.* at 23-24.

These types of "conclusory allegations with no citations to the record or any legal authority for support" result in a waiver on appeal. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005); *see also United States v. Beckstead*, 500 F.3d 1154, 1164-65 (10th Cir. 2007) (applying waiver when appellant mentioned issue only in two section headings, a single sentence in summary, and two phrases in arguments regarding another issue, and provided no citations); *Christian Heritage Acad. v. Okla. Second Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) (applying waiver when appellant identified issue in opening brief, but devoted less than one page to it and provided "no other argument and no citations"). The federal rules set standards for proper briefing, and even a pro se litigant has to "follow the same rules of procedure that govern other litigants." *Garrett*, 425 F.3d at 840-41 (internal quotation marks omitted). Moreover, Maynard is not a typical pro se party who is unschooled in the law; she was admitted to the bar. Accordingly, the question of whether the district court erred in dismissing the complaint in Case #3 is waived for failure to adequately brief the issue.

**C. Plaintiffs' Request for a Writ of Mandamus and/or Prohibition.**

Plaintiffs further request that this court issue a writ of mandamus and/or prohibition removing Judge Kane from the three cases and nullifying all of his rulings. Plaintiffs argue that the transfer to Judge Kane in March 2011 was improper because there was no random assignment as purportedly required by D. Colo. L.R. 40.1. According to plaintiffs, all of Judge Kane's orders entered are therefore "void" and the cases should be reinstated. Aplt. Br. at 7, 24.

There is no proper petition for extraordinary relief before the court. Plaintiffs object to the court's handling of their "Motion for Writ of Prohibition and Mandamus," submitted under this appeal's number in August 2011. Instead of filing that motion in this appeal, the Clerk opened a new matter (No. 11-1363) and directed plaintiffs to comply with the formalities attendant on opening a matter in this court. When they failed to do so, the Clerk dismissed No. 11-1363 for failure to prosecute. Plaintiffs now request that the "Motion for Writ of Prohibition and Mandamus" be filed and decided in this appeal, as they originally intended. But plaintiffs were afforded the opportunity to seek extraordinary relief through the proper channels, which they declined to do.[1] We decline to allow them to abandon No. 11-1363 but then to attempt to seek extraordinary relief in this appeal.

---

[1] It appears that plaintiffs objected to paying a second filing fee. The Clerk, however, specifically gave plaintiffs the opportunity to request leave to proceed without prepayment of fees. Plaintiffs failed to avail themselves of that opportunity.

Moreover, at this point, there are no pending district court cases from which to remove Judge Kane. As discussed, plaintiffs have not appealed from the final judgment against them, and considering their request for mandamus relief in this appeal would relieve them of that failure. "The extraordinary relief of a writ of mandamus is not a substitute for an appeal, and it is not a vehicle to relieve persons of the consequences of their . . . decision not to pursue available procedures and remedies." *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994).

Those portions of the appeal challenging the denial of preliminary injunctive relief and seeking extraordinary relief are DISMISSED. The district court's dismissal of Case #3 is AFFIRMED. Plaintiffs' "Motion to Vacate Case 11-1363, and For Forthwith Ruling," "Motion to Correct the Record," and "Second Motion to Correct the Record, and To Strike" are DENIED.

Entered for the Court

Michael R. Murphy
Circuit Judge