**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD CORDOVA,

      Plaintiff-Appellant,

v.

RAY DOWLING, Sgt.; TED
LAURENCE, P.A.; TEJINDER SINGH,
P.A.; GATEL CHAMJOCK, P.A.;
MATTHEW ALLPHIN, C.O.; ROD
GLISSMAN, LT; DIANA HILLYER,
C.O.; JOHNSON, and other
unnamed/unknown defendants; KEVIN
VORWALD, Capt.; MOON, Sgt.,

      Defendants-Appellees.

No. 12-1364
(D.C. No. 1:11-CV-01130-PAB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

Ronald Cordova, a Colorado state inmate proceeding pro se, appeals the

district court's order dismissing in part and granting summary judgment in part his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1..

42 U.S.C. § 1983 civil rights complaint against individual prison officials of the Colorado Department of Corrections (CDOC) and other unnamed defendants. Mr. Cordova asserted six claims for relief alleging various constitutional and statutory violations. On defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), and alternative motion for summary judgment under Fed. R. Civ. P. 56 on Claim Three, a magistrate judge recommended dismissal of Claims One, Two, and Six for failure to state a claim and/or as barred by the applicable statute of limitations and summary judgment on Claim Three for failure to exhaust administrative remedies.[1] The district court adopted the magistrate judge's recommendation, and dismissed the action. Mr. Cordova now appeals. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm for substantially the same reasons given by the district court.

Because Mr. Cordova is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). On appeal he asserts, as best we can discern, the district court 1) abused its discretion in dismissing certain claims under Fed. R. Civ. P. 12(b)(6) by failing to construe his amended complaint liberally; 2) erred in granting summary judgment on Claim Three; and 3) erred in dismissing Claim Three with prejudice. He also alleges various errors regarding the denial of certain motions.

---

[1] Claims Four and Five were previously dismissed sua sponte.

Mr. Cordova first argues generally that in ruling on defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss, the district court did not construe his pro se amended complaint liberally or pursuant to Fed. R. Civ. P. 8(a). To the extent Mr. Cordova appeals the dismissal of Claims One, Two, and Six on these grounds, because he did not file any objections to the magistrate judge's recommendation to dismiss these claims, he has waived this argument under the firm waiver rule. *See Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008).

We review Mr. Cordova's challenge to summary judgment on Claim Three "de novo, applying the same legal standard as the district court," *Nielson v. Ketchum*, 640 F.3d 1117, 1121 (10th Cir. 2011) (internal quotation marks omitted). "We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Under the Prisoner Litigation Reform Act (PLRA), exhaustion of all available administrative remedies is mandatory and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also* 42 U.S.C. § 1977e(a). "[P]risoners must complete the administrative review process in accordance with the applicable procedural rules . . . defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (internal quotation marks omitted). The magistrate judge concluded that Mr. Cordova failed to comply with CDOC's three-step grievance process, outlined in CDOC Administrative Regulation 850-04, because he "failed to request a 'meaningful response, action, or redress' as required"

at any of the three steps. R. at 250 (quoting CDOC Admin. Reg. 850-04(III)(I), defining "Remedy," *id*. at 177). Accordingly, the magistrate judge concluded the failure to request relief constituted a procedural error resulting in the failure to exhaust administrative remedies, and recommended granting summary judgment.

The district court agreed. In so doing, it observed that 850-04(IV)(C)(1)(b) requires that grievances include "the relief requested," *id*. at 178, but Mr. Cordova's grievances did not request any relief. *See id*. at 338-39. It found instead that Mr. Cordova's stated requests for relief, i.e., "I just want to exhaust the grievance system and file a law[]suit in [f]ed[eral] [c]ourt," *id*. at 339, demonstrated that Mr. Cordova did not have "any interest in having his complaints addressed via the grievance procedures, thus thwarting the very purpose of the PLRA exhaustion requirement." *Id*. And it rejected Mr. Cordova's complaint that there were no remedies applicable to his excessive use of force claim, observing that 850-04(III)(I) provides as remedies "modification of facility policy . . . [and] assurance that abuse will not recur," *id*. at 177. *See id*. at 339; *see also Jernigan*, 304 F.3d at 1032 (requiring exhaustion even where the available remedies "appear to be futile at providing the kind of remedy sought"). Accordingly, the district court adopted the magistrate judge's recommendation and granted summary judgment.

Mr. Cordova argues that summary judgment was improper because there were disputed issues of fact concerning defendants' alleged noncompliance with CDOC grievance procedures, which he claims thwarted the grievance process and made it

- 4 -

unavailable to him.[2]  Specifically, he argues that defendants "post-dated" the dates

CDOC officials received his Step 3 grievance.  *See* Aplt. Opening Br. at 8-9, 13.  The

magistrate judge concluded that determination of the timeliness of the grievance was

unnecessary because Mr. Cordova nevertheless failed to request relief in his

grievance which constituted a procedural error resulting in a failure to exhaust.  We

agree.  *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (noting that

prisoner's failure to exhaust is excused where defect in exhaustion is procured by

prison officials' acts of preventing, thwarting, or hindering prisoner's efforts).[3]

Mr. Cordova also argues the district court erred by refusing to consider a

post-complaint grievance he filed in an attempt to cure the deficiency in the

grievance related to Claim Three.  *See* Aplt. Opening Br. at 11-12.  We agree with

---

[2]     Mr. Cordova raises the same noncompliance argument regarding Claim One.
*See* Aplt. Opening Br. at 7.  His argument is inapposite, however, because the district
court did not dismiss Claim One on failure to exhaust administrative remedies
grounds.

[3]     Mr. Cordova also claims defendants did not comply with CDOC grievance
procedures because his grievances related to the excessive use of force claim were
not properly returned to him in accordance with 850-04(IV)(F)(2), which designates
to whom grievances must be filed and provides that "[g]rievances not properly
submitted as outlined above shall be returned to the offender for proper submission at
the facility."  R. at 180.  And further that defendants failed to respond to his Step 3
grievance within the required forty-five day time limit.  *See* Aplt. Opening Br. at 8-9.
These matters, however, were not addressed by the district court.  We normally "do[]
not consider an issue not passed upon below."  *Fogle v. Pierson*, 435 F.3d 1252, 1262
(10th Cir. 2006).  In an abundance of caution and because Mr. Cordova is proceeding
pro se, we have reviewed these claims of error and conclude they are meritless.  The
defect resulting in Mr. Cordova's failure to exhaust was caused by his failing to
request a remedy and not by any action or inaction of defendants.  *See Little*,
607 F.3d at 1250.

the district court that resort to the prison grievance process must precede resort to a court. Further, although the district court did not expressly state, to the extent Mr. Cordova argues that Claim Three should have been dismissed without prejudice we are unpersuaded as the defect in his grievance was not a "temporary, curable, procedural flaw." *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212-13 (10th Cir. 2003) (internal quotation marks omitted) (recognizing that dismissal based on lack of exhaustion ordinarily should be without prejudice because failure to exhaust is often a temporary, curable, procedural flaw), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Having reviewed the briefs, the record, and the applicable law, we affirm the district court's entry of summary judgment in favor of defendants on Mr. Cordova's excessive use of force claim for substantially the same reasons stated in the magistrate judge's report and recommendation dated April 17, 2012, adopted by the district court, and stated in the district court's order dated August 27, 2012.

Finally, we reject Mr. Cordova's remaining complaints concerning certain pretrial orders of the district court including a denial of Mr. Cordova's request for additional time to file his amended complaint and a grant of stay of discovery. We have reviewed these orders for abuse of discretion and find none. *See Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (extensions of time); *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993) (discovery rulings). And because the district court dismissed the entire action and the claim

underlying the preliminary injunction, Mr. Cordova's challenge to the denial of his request for preliminary injunctive relief is moot. *See Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983).

The judgment of the district court is affirmed. Mr. Cordova's "Motion for Court to Issue a Court Order to Colorado Department of Corrections" is denied. We grant Mr. Cordova's motion to proceed in forma pauperis, but remind him of his obligation to continue making partial payments until his filing fee has been paid.

Entered for the Court

Jerome A. Holmes
Circuit Judge