**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WADE REEVES,

    Plaintiff - Appellant,

v.

APRIL SEIBERT; TODD CHESBRO;
DEBORRAH LUDI LEITCH;
KENNETH HARA; BIRGIT
FLADAGER; ROB BONTA;
PATRICIA GUERRERO; GAVIN
NEWSOM; STEVE KUNZWEILER;
GENTNER DRUMMOND; M. JOHN
KANE, IV,

    Defendants - Appellees.

No. 25-5073
(D.C. No. 4:24-CV-00431-SEH-SH)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.
_____

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Plaintiff Wade Reeves, appearing pro se, filed an action in federal district court alleging constitutional violations by state officials in California and Oklahoma relating to child support proceedings in those states. The district court dismissed his complaint and later denied his motion for relief from the judgment and for leave to amend his complaint. Mr. Reeves now appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

**I**

This case arises from proceedings in California that resulted in child support orders against Mr. Reeves that are now being enforced in Oklahoma. He sued California and Oklahoma officials in the Northern District of Oklahoma for alleged constitutional violations and sought injunctive and declaratory relief. In response to the complaint, the defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6). The district court granted the motions, holding that the complaint did not comply with the requirements of Rule 8(a)(2). It therefore dismissed the case without prejudice and closed the case. It further concluded its dismissal of the complaint rendered all other pending motions moot.

---

[1] We liberally construe his pro se pleadings, but we do not act as his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

Two weeks after the district court's order, Reeves filed an amended complaint, which the district court struck from the docket because Reeves had not obtained leave to file it. He then filed a motion seeking relief from the judgment, requesting that the court reopen the case, grant leave to file the amended complaint, and vacate its order striking the amended complaint. He also sought sanctions against defense counsel. The district court denied relief, and this appeal followed.

## II

### A

Reeves argues the district court erred in dismissing the complaint for failure to comply with Rule 8(a)(2) and closing the case without giving him an opportunity to amend the complaint.[2] We review dismissals under Rule 8(a) for an abuse of discretion. *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1167 (10th Cir. 2010).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff does not satisfy

---

[2] Relatedly, Reeves argues the district court erred in denying as moot his pending motions, including a motion for injunctive relief. We disagree. The dismissal of an action moots any pending motions for preliminary injunction or similar relief. *See, e.g., Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) (because "the claim upon which the request for a preliminary injunction was based . . . was dismissed," the issue of a preliminary injunction was "certainly mooted").

Rule 8 if it "scatter[s] and conceal[s] in a morass of irrelevancies the few allegations that matter." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (internal quotation marks omitted). It is "not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading." *Id.*

We discern no abuse of discretion in the district court's conclusion that the complaint did not satisfy the requirements of Rule 8. As the district court correctly observed, Reeves's allegations are extraordinarily broad, not directed at any particular defendant, and he attached more than 40 pages of exhibits without sufficient explanation as to their relevance. Although Reeves contends the district court should have given him an opportunity to amend before dismissing complaint, the district court was not required to do so under the circumstances. *See Barnett v. Hall, Estill, Hardwick, Gable, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) (holding that where plaintiff fails to request leave to amend in response to motion to dismiss, district court did not abuse its discretion by dismissing complaint without *sua sponte* granting leave to amend).

**B**

Appellant Reeves also contends the district court erred in denying his post-judgment requests for relief. We review the district court's denial of

post-judgment relief for an abuse of discretion.[3] *See Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (Rule 59(e)); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (Rule 60(b)). We also review the denial of leave to amend for an abuse of discretion, *SCO Group, Inc. v. Int'l Bus. Machs. Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018), but when the denial is based on a determination that amendment would be futile, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility," *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (internal quotation marks omitted).

Reeves's post-judgment requests for relief sought to reopen the case to allow him to file his amended complaint and argued the district court should not have struck from the docket the amended complaint he attempted to file post-dismissal. We discern no abuse of discretion in the district court's denial of his post-judgment requests for relief.

First, the district court denied the Rule 60(b) motion (which it construed as a Rule 59(e) motion) because the proposed amended complaint,

---

[3] Reeves argues the district court erred in its treatment of his motion, which he styled as arising under Fed. R. Civ. P. 60(b). But because the motion sought reconsideration of the judgment and was filed within 28 days of the dismissal order, the district court appropriately construed it as a Rule 59(e) motion to alter or amend the judgment. *See Bannister v. Davis*, 590 U.S. 504, 520 n.9 (2020) ("[C]ourts of appeals have long treated Rule 60(b) motions filed within 28 days as Rule 59(e) motions." (ellipsis omitted)).

like its predecessor, did not comply with Rule 8. The district court observed that many of the proposed amended claims consisted of "unexplained, conclusory statements," R. IV at 40, and that the amended complaint contained no explanation for how the attached exhibits, comprising more than 100 pages, were relevant to those claims. Accordingly, the district court concluded amendment would be futile. On de novo review, we discern no error in the legal basis for the district court's finding of futility.

Second, the district court correctly observed that a plaintiff who seeks to amend the complaint after the case is dismissed must first move to reopen the case under Rule 59(e) or 60(b) and then move for leave to amend under Rule 15. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2001). In this case, Reeves filed an amended complaint after the dismissal of his case, without first seeking to reopen the case and without moving for leave to amend. The district court, therefore, appropriately struck the amended complaint from the docket and committed no abuse of discretion in denying Reeves's motion on that basis.

**C**

We review the denial of Rule 11 sanctions for an abuse of discretion. *See In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991). Rule 11(c)(2) of the Federal Rules of Civil Procedure requires that before a party files a motion for sanctions, it must first serve the motion on the party against

6

whom sanctions are sought, who then has 21 days in which to withdraw or correct the allegedly frivolous contention or filing. The district court denied the motion in part because Reeves failed to comply with the requirements of Rule 11(c)(2). On appeal, he does not challenge this reasoning. He therefore has waived argument on this issue. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012).[4]

Affirmed.

Entered for the Court

Richard E.N. Federico
Circuit Judge

---

[4] We further note that on the merits, the district court concluded that defense counsel did not violate Rule 11 – a conclusion Reeves does not challenge or even acknowledge.